UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_Carmen Fontanez_

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_Madison Avenue Business_
_Improvement District_

_____

*(In the space above enter the full name(s) of the defendant(s).*
*If you cannot fit the names of all of the defendants in the space*
*provided, please write "see attached" in the space above and*
*attach an additional sheet of paper with the full list of names.*
*Typically, the company or organization named in your charge*
*to the Equal Employment Opportunity Commission should be*
*named as a defendant.  Addresses should not be included here.)*

# 12 CV 7978

## DOC # 2

**COMPLAINT**
**FOR EMPLOYMENT**
**DISCRIMINATION**

Jury Trial:  ☑ Yes   ☐ No
           *(check one)*

RECEIVED
OCT 2 5 2012
PRO SE OFFICE

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

____✓____   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
            to 2000e-17 (race, color, gender, religion, national origin).
            ***NOTE:** In order to bring suit in federal district court under Title VII, you must first obtain a*
            *Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
            621 - 634.
            ***NOTE:** In order to bring suit in federal district court under the Age Discrimination in*
            *Employment Act, you must first file a charge with the Equal Employment Opportunity*
            *Commission.*

_____   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 -
            12117.
            ***NOTE:** In order to bring suit in federal district court under the Americans with Disabilities Act,*
            *you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity*
            *Commission.*

_____   New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age,
            race, creed, color, national origin, sexual orientation, military status, sex,
            disability, predisposing genetic chacteristics, marital status).

_____   New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to
            131 (actual or perceived age, race, creed, color, national origin, gender,
            disability, marital status, partnership status, sexual orientation, alienage,
            citizenship status).

## I.   Parties in this complaint:

A.   List your name, address and telephone number.  Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name _Carmen Fontanez_
Street Address _4006 Avenue J_
County, City _Brooklyn, New York_
State & Zip Code _New York 11210_
Telephone Number _929-200-0209_

B.   List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant    Name _Madison Avenue Business Improv. District_
Street Address _59 East 79 street (Lower Level)_
County, City _New York_
State & Zip Code _New York 10075_
Telephone Number _212-288-5959_

C.   The address at which I sought employment or was employed by the defendant(s) is:

Employer _Madison Avenue Improvement District_
Street Address _59 East 79 street (Lower level)_
County, City _New York_
State & Zip Code _New York 10075_
Telephone Number _212-288-5959_

## II.   Statement of Claim:

State as briefly as possible the facts of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.   The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____        Failure to hire me.

___✓___        Termination of my employment.

_____        Failure to promote me.

_____        Failure to accommodate my disability.

___✓___        Unequal terms and conditions of my employment.

_____ ✓     Retaliation.

_____       Other acts *(specify)*: _____.

**Note:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.   It is my best recollection that the alleged discriminatory acts occurred on: 6/2/2011 .
                                                                          *Date(s)*

C.   I believe that defendant(s) *(check one)*:

     _____        is still committing these acts against me.

     _____        is not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

     ☐   race _____        ☐   color _____

     ☑   gender/sex _____        ☐   religion_____

     ☐   national origin _____

     ☐   age.   My date of birth is _____ *(Give your date of birth only*
                *if you are asserting a claim of age discrimination.)*

     ☐   disability or perceived disability, _____ *(specify)*

E.   The facts of my case are as follow *(attach additional sheets as necessary)*:

Please see Included packet.

_____

_____

_____

_____

_____

_____

**Note:** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.   Exhaustion of Federal Administrative Remedies:

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's  alleged discriminatory conduct on: _____ *(Date)*.

B.      The Equal Employment Opportunity Commission *(check one)*:

_____   has not issued a Notice of Right to Sue letter.

___✓___   issued a Notice of Right to Sue letter, which I received on _9/24/2012_ *(Date)*.

> *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.      Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____   60 days or more have elapsed.

_____   less than 60 days have elapsed.

## IV.   Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _I've worked for this employer for over three years, I'm seeking two weeks pay that I was penalized for the first complaint, and three years salaries in lost wages for my constructed termination._
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _25_ day of _October_, 20_12_.

Signature of Plaintiff   _Carmen Fontanez_

Address   _4006 Avenue J_
_Brooklyn N.Y. 11210_
_Apt #2F_

Telephone Number   _929-200-0209_

Fax Number *(if you have one)* _____



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Ms. Carmen Fontanez
4006 Avenue J, Apt 2F
Brooklyn, NY 11210

Re:     EEOC Charge No. 520-2011-02492
        Carmen Fontanez v. Madison Avenue Business Improvement District

Dear Ms. Fontanez,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission")
has reviewed the above-referenced charge according to our charge prioritization procedures.
These procedures, which are based on a reallocation of the Commission's staff resources,
apply to all open charges in our inventory and call for us to focus our limited resources on those
cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the
information and evidence you submitted.  You allege you were discriminated against because of
your sex, national origin, and in retaliation for engaging in protected activity, in violation of Title
VII of the Civil Rights Act of 1964, as amended.

Respondent's position statement has been previously shared with you. Your rebuttal to this
position statement has been received and analyzed.  Based upon this analysis the Commission
is unable to conclude that the information establishes a violation of Federal law on the part of
Respondent.  This does not certify that Respondent is in compliance with the statutes.  No
finding is made as to any other issue that might be construed as having been raised by this
charge.

The Commission's processing of this charge has been concluded. Included with this letter is
your Notice of Dismissal and Right to Sue.  Following this dismissal, you may only pursue this
matter by filing suit against the Respondent named in the charge within 90 days of receipt of
said notice.  Otherwise, your right to sue will be lost.

Please contact Investigator Emily Haimowitz at 212-336-3759 if you have any questions.

Sincerely,

for

Kevin J. Berry
District Director

SEP 2 4 2012
_____
Date

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Carmen Fontanez<br>4006 Avenue J<br>Apt 2f<br>Brooklyn, NY 11210 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2011-02492 | Emily F. Haimowitz,<br>Investigator | (212) 336-3759 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Kevin J. Berry_

**Kevin J. Berry,**
**District Director**

SEP 2 4 2012

(Date Mailed)

Enclosures(s)

cc: Harlan Silverstein
**KAUFF MCGUIRE & MARGOLIS LLP**
**950 Third Ave, 14th Floor**
**New York, NY 10022**

Enclosure with EEOC
Form 161 (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within**
**90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office.  If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

PRIVATE SUIT RIGHTS   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months of this Notice.**  (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

## FACTS ABOUT FILING
## AN EMPLOYMENT DISCRIMINATION SUIT
## IN FEDERAL COURT IN NEW YORK STATE

You have received a document which is the final determination or other final action of the Commission.  This ends our handling of your charge.  The Commission's action is effective upon receipt.  Now, you must decide whether you want to file a private lawsuit in court.  This fact sheet answers several commonly asked questions about filing a private lawsuit.

### WHERE SHOULD I FILE MY LAWSUIT?

Federal District Courts have strict rules concerning where you may file a suit.  You may file a lawsuit against the respondent (employer, union, or employment agency) named in your charge.  The appropriate court is the district court which covers either the county where the respondent is located or the county where the alleged act of discrimination occurred. However, you should contact the court directly if you have questions where to file your lawsuit.  New York State has four federal districts:



- The United States District Court for the Southern District of New York is located at 500 Pearl  Street in Manhattan.  It covers the counties of Bronx, Dutchess, New York (Manhattan), Orange, Putnam, Rockland, Sullivan, and Westchester.  (212) 805-0136 http://www.nysd.uscourts.gov



- The United States District Court for the Eastern District of New York is located at 225 Cadman Plaza in Brooklyn and covers the counties of Kings (Brooklyn), Nassau, Queens, Richmond (Staten Island), and Suffolk.   (718) 613-2600 http://www.nyed.uscourts.gov

- The United States District Court for the Western District of New York is located at 68 Court Street in Buffalo.  It covers the counties of Allegheny, Cattaraugus, Chautauqua, Chemung, Erie, Genesee, Livingston, Monroe, Niagara, Ontario, Orleans, Schuyler, Seneca, Steuben, Wayne, Wyoming, and Yates. (716) 551-4211 http://www.nywd.uscourts.gov

- The United States District Court for the Northern District of New York is located at 100 South Clinton Street in Syracuse and covers the counties of Albany, Broome, Cayuga, Chanango, Clinton, Columbia, Cortland, Delaware, Essex, Franklin, Fulton, Greene, Hamilton, Herkimer, Jefferson, Lewis, Madison, Montgomery, Oneida, Onandaga, Oswego, Otsego, Rensselaer, St. Lawrence, Saratoga, Schenectady, Schoharie, Tioga, Tompkins, Ulster, Warren, and Washington.  This District Court's pro Se Attorney has offices at 10 Broad Street in Utica New York.  (315) 234-8500 http://www.nynd.uscourts.gov

### WHEN MUST I FILE MY LAWSUIT?

Your private lawsuit must be filed in U.S. District Court within 90 days of the date you receive the enclosed EEOC Notice of Right to Sue.  Otherwise, you will have lost your right to sue.

(Over)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### INTAKE QUESTIONNAIRE

JUN 1 0 2011

EEOC-NYDO-CRTIU

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." **(PLEASE PRINT)**

**1. Personal Information**

Last Name: _Fontanez_    First Name: _Carmen_    MI: _____

Street or Mailing Address: _555 E 80th St._    Apt or Unit #: _2_

City: _Canarsie_  County: _Brooklyn_  State: _N.Y._  Zip: _11236-3122_

Phone Numbers: Home: ~~(347) 485-3718~~    Work: _(212) 288-5959_

Cell: _347 485-3718_    Email Address: _____

Date of Birth: _____    Sex: ☐ Male ☑ Female    Do You Have a Disability? ☐ Yes ☐ No

**Please answer each of the next three questions.**    i. Are you Hispanic or Latino? ☑ Yes ☐ No

ii. What is your Race?  Please choose all that apply. ☐ American Indian or Alaskan Native    ☐ Asian    ☐ White

☐ Black or African American    ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? _____

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: _Maria Huitzil_    Relationship: _daughter_

Address: _555 E 80 St Apt2_  City: _Brooklyn_  State: _N.Y_  Zip Code: _11236_

Home Phone: _(347) 702-5256_    Other Phone: _(646) 938-2754_

**2. I believe that I was discriminated against by the following organization(s):** (Check those that apply)

☑ Employer    ☐ Union    ☐ Employment Agency    ☐ Other (Please Specify) _____

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**

Organization Name: _Madison Avenue Business Improvement Dist._

Address: _59 East 79 St. lower level_  County: _Manhattan_

City: _New York_    State: _N.Y._  Zip: _____    Phone: _(212) 288-5959_

Type of Business: _Non-Profit_  Job Location if different from Org. Address: _N/A_

Human Resources Director or Owner Name: _N/A_    Phone: (___)

**Number of Employees in the Organization at All Locations:** Please Check (✓) One

☐ Fewer Than 15    ☑ 15 – 100    ☐ 101 – 200    ☐ 201 – 500    ☐ More than 500

**3. Your Employment Data** (Complete as many items as you are able.) **Are you a federal employee?** ☐ Yes ☑ No

Date Hired: _9/27/07_    Job Title At Hire: _Security Officer_

Pay Rate When Hired: $_8.00 per hour_  Last or Current Pay Rate: $_10.75 per hour_

Job Title at Time of Alleged Discrimination: _Security Officer_  Date Quit/Discharged: _6/2/11_

Name and Title of Immediate Supervisor: _John Hunt (VICE PRESIDENT of Ops.)_

If Job Applicant, Date You Applied for Job _not known_ Job Title Applied For _Security officer_

1

**4. What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☐ Race  ☑ Sex  ☐ Age  ☐ Disability  ☐ National Origin  ☐ Religion  ☐ Retaliation  ☐ Pregnancy  ☐ Color (typically a difference in skin shade within the same race)  ☐ Genetic Information; circle which type(s) of genetic information is involved: i. genetic testing   ii. family medical history   iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify:_____

If you checked genetic information, how did the employer obtain the genetic information?_____

_____

Other reason (basis) for discrimination (Explain): *Harrasment from Co-Workers on daily basis.*

**5. What happened to you that you believe was discriminatory?** Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. Please attach additional pages if needed.
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

A. Date: *5/4/11*   Action: *Propositioned money to have sex and ~~have~~ perform Oral Sex in a hotel.*

Name and Title of Person(s) Responsible: *Alfred Ervin, Security Officer*

B. Date: *5/5/11*   Action: *Deogetory statements and comments made throughout the job site.*

Name and Title of Person(s) Responsible: *Noel Facey, Joseph Jones, Security Officers.*

**6. Why do you believe these actions were discriminatory?** Please attach additional pages if needed.
*Because I am the only female working among 13 or 14 members of a security staff.*

**7. What reason(s) were given to you for the acts you consider discriminatory?   By whom?  His or Her Job Title?**

_____

_____

**8. Describe who was in the same or similar situation as you and how they were treated.** For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on.  Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. *N/A* | | | |
| | | | |
| B. | | | |
| | | | |

Of the persons in the same or similar situation as you, who was treated *worse* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|

A._____

_____

B._____

_____

Of the persons in the same or similar situation as you, who was treated the *same* as you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|

A._____

_____

B._____

_____

Answer questions 9-12 <u>only</u> if you are claiming discrimination based on disability.  If not, skip to question 13.  Please tell us if you have more than one disability.  Please add additional pages if needed.

9.  Please check all that apply:
      ☐ Yes, I have a disability
      ☐ I do not have a disability now but I did have one
      ☐ No disability but the organization treats me as if I am disabled

10.  What is the disability that you believe is the reason for the adverse action taken against you?  Does this disability prevent or limit you from doing anything?  (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

_____

_____

_____

11.  Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?
   ☐ Yes ☐ No
If "Yes," what medication, medical equipment or other assistance do you use?

_____

_____

12.  Did you ask your employer for any changes or assistance to do your job because of your disability?
   ☐ Yes ☐ No

If "Yes," when did you ask? _____ How did you ask (verbally or in writing)? _____

Who did you ask?  (Provide full name and job title of person)

_____

Describe the changes or assistance that you asked for: _____

_____

_____

How did your employer respond to your request? _____

_____

13.  Are there any witnesses to the alleged discriminatory incidents?  If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)

| | Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |
|---|---|---|---|---|
| A. | | | | |
| B. | | | | |

14.  Have you filed a charge previously on this matter with the EEOC or another agency?  ☐ Yes  ☑ No

15.  If you filed a complaint with another agency, provide the name of agency and the date of filing:  _N/A_

16.  Have you sought help about this situation from a union, an attorney, or any other source?  ☐ Yes  ☑ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire.  If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws.  If you do not file a charge of discrimination within the time limits, you will lose your rights.  If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1.  If you want to file a charge, you should check Box 2.

**BOX 1**  ☐ I want to talk to an EEOC employee before deciding whether to file a charge.  I understand that by checking this box, I have not filed a charge with the EEOC.  **I also understand that I could lose my rights if I do not file a charge in time.**

**BOX 2**  ☐ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that **the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name.**  I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_Cormen Fontanez_                          _6/10/11_
Signature                                   Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:

1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)

3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters. 5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

November 2009



## U.S. Equal Employment Opportunity Commission
## New York District Office

33 Whitehall Street
5th Floor
New York, NY 10004
(212) 336-3620
TTY (212) 336-3622
Fax: (212) 336-3625

Respondent: MADISON AVENUE BUSINESS IMPROVEMENT DISTRICT
EEOC Charge No.: 520-2011-02492
FEPA Charge No.:

June 15, 2011

Carmen Fontanez
555 East 80th Street
Apt# 2
Brooklyn, NY 11236

Dear Ms. Fontanez:

This is with reference to your recent written correspondence or intake questionnaire in which you alleged employment discrimination by the above-named respondent. The information provided indicates that the matter complained of is subject to the statute(s) checked off below:

[ X ]   Title VII of the Civil Rights Act of 1964 (Title VII)

[ ]   The Age Discrimination in Employment Act (ADEA)

[ ]   The Americans with Disabilities Act (ADA)

[ ]   The Equal Pay Act (EPA)

[ ]   The Genetic Information Nondiscrimination Act (GINA)

The attached EEOC Form 5, Charge of Discrimination, is a summary of your claims based on the information you provided. Because the document that you submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that you filed a charge. Before we investigate your charge, however, you must sign and return the enclosed Form.

To enable proper handling of this action by the Commission you should:

(1)   Review the enclosed charge form and make corrections.

(2)   Sign and date the charge in the bottom left hand block where I have made an "X". For purposes of meeting the deadline for filing a charge, the date of your original signed document will be retained as the original filling date.

(3)   Return the signed charge to this office.

Before we initiate an investigation, we must receive your signed Charge of Discrimination (EEOC Form 5). Please sign and return the charge within thirty (30) days from the date of this letter. Under EEOC procedures, if we do not hear from you within 30 days or receive your signed charge within 30 days, we are authorized to dismiss your charge and issue you a right to sue letter allowing you to pursue the matter in federal court.

[ X ]                    Please be aware that after we receive your signed Form 5, the EEOC will send a copy of the charge to the agency listed below as required by our procedures. If that agency processes the charge, it may require the charge to be signed before a notary public or an agency official. The agency will then investigate and resolve the charge under their statute.

New York State Division Of Human Rights
Federal Contract Unit
One Fordham Plaza, 4 Fl.
Bronx, NY 10458

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | **520-2011-02492** |

## New York State Division Of Human Rights

*State or local Agency, if any*                                    and EEOC

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Carmen Fontanez** | | **01-08-1962** |

| Street Address | City, State and ZIP Code |
|---|---|
| **555 East 80th Street, Apt# 2, Brooklyn, NY 11236** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **MADISON AVENUE BUSINESS IMPROVEMENT DISTRICT** | **15 - 100** | **(212) 288-5959** |

| Street Address | City, State and ZIP Code |
|---|---|
| **59 East 79th Street,  New York, NY 10021** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN  ☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION  ☐ OTHER *(Specify)* | Earliest              Latest  **06-09-2011**  ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a Puerto Rican female who worked for the above-named entity as a security office from September 2007 until my constructive discharge on or about June 2, 2011.

Security officers Alfred Ervin, Noel Facey and Joseph Jones engaged in sexually harassing me both verbally and physically. Joseph Jones would, on a daily basis, say things like "I like how you look" and "I want to be your boyfriend". I always told him to leave me alone. Alfred Ervin often offered me money to·sleep with him; he'd take out his wallet and tell me that he needs to have sex with a Spanish woman and has money. Sergeant III, Montino, also partook in that harassment. He would often grab my butt and tell me to go with him into the locker room and "sleep with me and suck my dick". I always refused and ran away. This harassment took place on a daily basis and made me uncomfortable and afraid to come to work. To the best of my knowledge, none of the harassers were reprimanded and all are still working for Respondent.

On a number of occasions, I complained to John Hunt, my supervisor, but nothing was done. Mr. Hunt's responses included: "You're crazy", "I don't believe you", and "This doesn't happen in my company". On or about June 9, 2011, I again told John Hunt that I've been harassed by these individuals for three years. He responded by saying, "I can't do anything for you". I told him that since he doesn't believe me and am tired of people harassing me, I'd have to quit. I gave in my badge and radio and left.

(Continued on next page)

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| 6/24/11          *Carmen Fontanez*  Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 520-2011-02492 |

**New York State Division Of Human Rights**                 and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Based on the above, I believe I was discriminated against based on my sex (female) and national origin (Puerto Rican) in violation of Title VII of the Civil Rights Act of 1964, as amended, and other Federal, state, and local anti-discrimination statutes.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 6/24/11<br>Date        *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

Please use the "EEOC Charge No." listed at the top of this letter whenever you call us about this charge. Please also notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

Please also read the enclosed brochure, "What You Should Know Before You File A Charge With EEOC," for answers to frequently asked questions about employee rights and the EEOC process.  If you have any questions, please call me at the number listed below. If you have to call long distance, please call collect.

Sincerely,

Emily F. Haimowitz
Investigator
(212) 336-3759


Office Hours: Monday – Friday, 8:30 a.m. - 5:00 p.m.
www.eeoc.gov

Enclosure(s)
    Copy of EEOC Form 5, Charge of Discrimination
    Copy of EEOC Uniform Brochure, "What You Should Know Before You File A Charge With EEOC."



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY  10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Emily F. Haimowitz
Investigator
Phone (212) 336-3759
Fax (212) 336-3624

Ms. Carmen Fontanez
555 East 80th Street, Apt #2
Brooklyn, New York, 11236

Re:   Carmen Fontanez v. Madison Avenue Business Improvement District
      EEOC Charge No. 520-2011-02492

Dear Ms. Fontanez

You will find enclosed a copy of the position statement submitted by the Respondent in connection with your discrimination charge.  Please review it carefully.  If you wish to provide a rebuttal, please forward it to the undersigned within fifteen calendar days of your receipt of it. You may also, if you wish, provide additional evidence in support of your charge.

Upon receipt of your rebuttal, we will consider it, along with all other investigative information, and determine what further steps, if any, are required to complete the investigation.  If no rebuttal is received, we will make a final determination based upon the information available.

If you have any questions, please call Emily Haimowitz at (212) 336-3759.

Sincerely,

for
Kevin J. Berry
District Director

7/2/2012
Date



# KM&M

K A U F F   M c G U I R E   &   M A R G O L I S   LLP

950 THIRD AVENUE · FOURTEENTH FLOOR
NEW YORK, N.Y. 10022

HARLAN J. SILVERSTEIN
DIRECT DIAL: (212) 909-0702
DIRECT FAX: (212) 909-3502
SILVERSTEIN@KMM.COM

TELEPHONE (212) 644-1010
FACSIMILE (212) 644-1936

NEW YORK
LOS ANGELES
WWW.KMM.COM

November 30, 2011

**VIA HAND**

Mr. Corrado Gigante
Acting Deputy District Director
Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112

           Re:    Fontanez v. Madison Avenue Business Improvement District
                    EEOC Charge No. 520-2011-02492
                    KM&M File No. 10321.0006

Dear Mr. Gigante:

## **Introduction**

      This firm represents Respondent, Madison Avenue Business Improvement District ("BID" or "Respondent") with regard to the Charge filed by Complainant Carmen Fontanez ("Complainant"). We submit this position statement in response to Complainant's allegations that she was subjected to unlawful discrimination on the basis of her gender and national origin.[1]

---

[1] This statement of position is submitted in order to assist the EEOC's investigation of the Charge. The inclusion of information in this submission does not constitute a waiver of any objection that Respondent may have to the admissibility of this or any other information supplied in the future, or to the introduction of evidence in this or any other proceeding. Moreover, since this statement of position is prepared by counsel on the basis of unsworn information supplied by various sources, it constitutes hearsay and therefore should not be deemed admissible in any formal proceeding governed by the New York State or Federal Rules of Evidence.

KM&M
K A U F F   M c C U I R E  &  M A R G O L I S  LLP

Corrado Gigante
November 30, 2011
Page 2

   The BID categorically denies Complainant's allegations and urges the
EEOC to dismiss her Charge in its entirety.  Complainant was never subjected to any
unlawful discrimination during her less than four (4) years of employment with the BID.
Complainant never complained to the BID of the acts of harassment alleged in the
Charge, or of any other remotely similar conduct.  Moreover, Complainant voluntarily
quit her security officer job with the BID not once, but twice.  In both instances, her
voluntary decision to quit arose out of her own violation of an exceedingly basic
obligation undertaken by all employees in virtually any job anywhere: on the first
occasion, in May 2010, Complainant was caught by the President of the BID, Matthew
Bauer, with another security officer in a bank when she was on duty and required to be
on her security post on Madison Avenue for the BID[2]; and on the second occasion a year
later, in May 2011, it was reported to the BID by two security officers that Complainant
made an obscene gesture to one of them while she was on duty.  These events in May
2010 and May 2011 were entirely of Complainant's own creation.  She engaged in
misconduct and when confronted about it, reacted by quitting her job.  She complained
in neither instance of the alleged acts of harassment in her Charge, and there is no
evidence of which the BID is aware that any such harassment ever took place.[3]

## **Background**

   The BID is a not-for-profit, equal opportunity employer funded entirely by
assessments upon property owners within the BID's area of geographic responsibility as
legislated by the City of New York.  The BID employs a team of security officers
("Security Team") pursuant to a collective bargaining agreement with the SSOBA.  As

---

[2] After the BID President imposed a partial day suspension upon her (and the fellow officer), Complainant
repeatedly told the BID's dispatcher that she quit.  Complainant's collective bargaining representative, the
Special and Superior Officers Benevolent Association ("SSOBA"), as detailed *infra,* thereafter secured the
BID's agreement to reinstate Complainant pursuant to a written last chance agreement.
[3] Presumably, Complainant could not, or chose not to, again seek the assistance of her collective
bargaining representative (SSOBA) to save her from her own impulsive behavior after the second time she
quit, on June 2, 2011.

KM&M

KAUFF McGUIRE & MARGOLIS LLP

Corrado Gigante
November 30, 2011
Page 3

stated in the BID's Security Department Personnel Manual distributed to all security officers, it is the mission of the BID's Security Team to:

- improve the safety of all members of the public;

- serve as an additional deterrent for crime in conjunction with the NYPD;

- improve the quality of life within the confines of the BID;

- act as ambassadors to the public, providing Madison Avenue visitors with directional information in a friendly manner.

Security officers employed by the BID as part of its Security Team, such as Complainant, are assigned to work specific shifts at specific posts within the confines of the BID.

## Complainant's Initial Employment

Complainant was hired by the BID on or about September 27, 2007 to work as one of approximately fourteen (14) security officers, under the terms and conditions of the BID's collective bargaining agreement with the SSOBA. Complainant worked without any significant performance problems for the first several months of her employment. Then, on July 31, 2008, a written warning was imposed on Complainant for failing to follow proper procedure. (Copy of warning attached hereto at Exhibit A.) Complainant signed the warning without protest. No complaint of harassment is referenced in the warning, and no such complaint was made.

## Complainant's May 2010 Abandonment of Her Post and Voluntary Quit

On May 28, 2010, the BID's President, Matthew Bauer, walked into the JP Morgan Chase bank branch located at 1025 Madison Avenue at approximately 11:45

KM&M
KAUFF McGUIRE & MARGOLIS LLP

Corrado Gigante
November 30, 2011
Page 4

a.m. to deposit checks payable to the BID. While in the bank, Mr. Bauer observed
Complainant at a teller window apparently engaged in cashing a check. Another BID
security officer, Joseph Jones, was also in the bank, on line for the same teller. Mr.
Bauer spoke with both officers and ascertained they were both on duty and required to
be at their posts on Madison Avenue at the time they were in the bank. Mr. Bauer asked
both officers to return with him to the BID's base office located on East 79th Street.
Upon arriving at the BID East 79th Street office, at approximately 11:50 a.m., Mr. Bauer
informed both Complainant and Officer Jones that they were suspended for the
remainder of their shifts that day.

　　　　　Thereafter, at approximately noon on that same day, Complainant
informed Pearl Floy, the BID's dispatcher, that she resigned her employment with the
BID. Ms. Floy asked Complainant several times if she was certain she wished to resign.
Complainant refused to reconsider and insisted she no longer wished to work at the
BID. The BID therefore accepted Complainant's resignation. Complainant made no
allegation of harassment to Ms. Floy.

　　　　　SSOBA thereafter grieved the matter and sought to have the BID reinstate
Complainant to her former position. On June 15, 2010, the BID, Complainant and the
SSOBA reached and executed an agreement to settle the grievance (the "Last Chance
Agreement"). Among the terms of the Last Chance Agreement (copy attached hereto at
Exhibit B) were the following:

- Complainant was reinstated to her position on a "last chance
  basis," with an express agreement that "[a]ny further
  violation of policy or rules or misconduct [by her], will result
  in her discharge."

- Grievant's [Complainant's] resignation was converted to a
  suspension without pay through June 15, 2010.

KM&M
K A U F F   M c C U I R E  &  M A R G O L I S   L L P

Corrado Gigante
November 30, 2011
Page 5

Notably, the Last Chance Agreement also set forth the parties' agreement on the facts of Complainant's *voluntary* resignation following her suspension for being "off her post" on May 28, 2010.[4]  In addition, neither the Last Chance Agreement nor any statement made by the Complainant or the SSOBA relative to the grievance made any reference to or allegation of harassment or discrimination of any kind.  Indeed, and this is likewise crucial, the only reason advanced by SSOBA on behalf of Complainant in regard to why Complainant should be reinstated was that she misunderstood the duration of the suspension imposed upon her on May 28, 2010 by Mr. Bauer, and was so upset by the suspension (as she misapprehended it) that she acted impulsively and quit. While Mr. Bauer made very clear to the SSOBA that the Complainant's assertion that she did not understand she was suspended only for the balance of her shift was not worthy of belief, the BID agreed to enter into the Last Chance Agreement to put the issue to rest and allow it and the SSOBA to focus on their ongoing negotiations for a new collective bargaining agreement.

### Complainant's May 27, 2011 Misconduct and Resignation

Complainant worked under the Last Chance Agreement until the following May, when she engaged in an additional act of misconduct.[5]  Specifically, on May 27, 2011, Officer Alfred Ervin reported to John Hunt, the BID's Vice President for Operations, that Complainant had directed an obscene middle finger gesture to Officer Noel Facey on Madison Avenue near East 71st Street.  Officer Facey subsequently confirmed to Mr. Hunt that Complainant had directed the obscene gesture to him, and

---

[4] The Last Chance Agreement states (on page 2), as follows: "On May 28, 2010, Matthew Bauer, the President of the Madison Avenue Business Improvement District informed Grievant, at approximately 11:50 AM, that she was suspended without pay for the remainder of her work shift for being off her post. Thereafter, at approximately 12:00 p.m. that same day, Grievant repeatedly informed Pearl Floy, the Employer's Dispatcher, that she no longer wished to be employed by the Employer, and therefore, resigned her employment with the Employer.  Since Grievant insisted that it was her intention to resign, despite that Ms. Floy repeatedly gave her a chance to re-consider, the Employer accepted Grievant's resignation."
[5] Pursuant to the terms of the Last Chance Agreement (Exhibit B attached hereto), any misconduct on the part of Complainant subjected her to discharge.

4834-6662-7086.2

KM&M
KAUFF McGUIRE & MARGOLIS LLP

Corrado Gigante
November 30, 2011
Page 6

that Officer Alfred Ervin was with him at the time Complainant made her obscene gesture.

On June 2, 2011, Mr. Hunt met with Complainant in the presence of a BID Security Team Sergeant, Alex Rivera, a fluent Spanish speaker and member of the SSOBA bargaining unit.[6] Mr. Hunt related to Complainant the report of her obscene gesture on May 27, 2011, and asked her to respond to the report. This was a measured approach given that two BID officers had reported that they had seen the same obscene gesture by Complainant, especially in view of the BID's right to discharge Complainant for any misconduct under the Last Chance Agreement. Complainant did not deny she made the obscene gesture. Mr. Hunt then communicated to Complainant, and asked Mr. Rivera to repeat to her in Spanish, that the BID was only reprimanding her and was not terminating her employment for the conduct at issue. Nonetheless, as she did the year before, Complainant's response was to tell Mr. Hunt emphatically that she quit. Complainant also asserted that she had recordings of misconduct by other officers. Mr. Hunt asked Complainant to bring forward any concerns or evidence she had. She refused.

Following her second resignation, Complainant, instead of pursuing any concerns with Mr. Hunt, Mr. Bauer or through the SSOBA, instead filed the instant Charge. Her recitation in the Charge concerning the above-described conversation with Mr. Hunt and Sergeant Rivera on June 2, 2011 (mistakenly asserted as having taken place on June 9, 2011) is fiction. Complainant described not a single one of the acts of harassment alleged in the Charge to Messrs. Hunt and Rivera. Nor did she refer to having previously made complaints about the harassment now alleged in the Charge.

---

[6] Sergeant Rivera, like Complainant, is of Puerto Rican national origin.

4834-6662-7086.2

KM&M
K A U F F   M c G U I R E  &  M A R G O L I S   LLP

Corrado Gigante
November 30, 2011
Page 7

## **Diversity Among Security Team at the BID**

        The diversity of the BID's security team also demonstrates that there is no merit to Complainant's allegation that she was discriminated against because of her national origin.  During Complainant's employment as a security officer for the BID, there were 14 security officers in total employed by the BID.  Every one of the officers then, and now, is either African-American, Caribbean-African or Hispanic.  Further, in addition to Complainant, one of the three Sergeants heading the Security Team, Alex Rivera, is of Puerto Rican national origin.  Finally, Complainant never made any complaint to Mr. Bauer or Mr. Hunt of any offensive joke or remark relating to her national origin.

## **The Charge's Fundamental Premise of Unaddressed Complaints of Harassment is False**

        The fact is that Complainant never informed the BID of any of the alleged acts of harassment set forth in the Charge.  The BID has an established "Harassment-Free Workplace Policy" (the "Policy"), contained in the Security Department Personnel Manual.  The Policy includes several clear avenues for presenting complaints of violative conduct including, among others, to the BID President Mr. Bauer, the BID's Director of Operations, Mr. Hunt (who now is referred to as VP for Operations), and the Dispatcher, Ms. Floy.  (A copy of the Policy is attached at Exhibit C.)  As a matter of settled law pursuant to the Supreme Court's *Faragher/Ellereth* doctrine, Complainant's failure to complain of the harassment alleged in the Charge during her employment by the BID is fatal to the Charge.  The District Office is further apprised that the three officers accused of specific wrongdoing in the Charge (Messrs. Jones, Ervin and Wright) vehemently deny the allegations against them.  A fourth officer (Facey) accused conclusorily of harassment, but not of specific wrongdoing, is no longer employed by the BID.

4834-6662-7086.2

**KM&M**
K A U F F   M c C U I R E  &  M A R G O L I S   L L P

Corrado Gigante
November 30, 2011
Page 8

## Conclusion

The instant Charge is the result of Complainant's voluntary quit on June 2, 2011 in an apparent fit of pique when she was confronted with a report that she made an obscene gesture to one of her fellow officers. It was the second time in a year that Complainant had abruptly quit when confronted with her own misconduct. If there was arguably any mistake at all made by the BID with respect to Complainant, it was reinstating her the first time. In any event, as Complainant voluntarily resigned on June 2, 2011 and cannot present any evidence that she was discriminated against by the BID on the basis of her gender or national origin, the Charge should be dismissed in its entirety.

Please call the undersigned if you have any questions or need additional information in order to conclude your investigation. Should Complainant submit any materials to the EEOC we request the opportunity to review them and, if necessary, to submit rebuttal information before the EEOC makes any determination with respect to the Charge.

Sincerely,

Harlan J. Silverstein

Enclosures

cc:    Matthew Bauer

4834-6662-7086.2

Exhibit A

# **Notice** of Violation

Violation: *Improper Procedures*

Last Name: *Fontanez*   First Name: *Carmen* 117

Date/Time of Violation: 7/30/08/0705 Scheduled Tour: 0800×1700

Details of Violation:
On the above date and time Officer Fontanez took matters into her own hands and confronted the violator of Incident#W073080 1y without property notifying base or the supervisor, Only after the fact did she advise anyone of he actions

Reporting Supervisor: *Alexandro Rivera*

Disposition: W+A Any further violations could Result in suspension or termination. OFH 7.31.08

Carmen Fontanez.
7/31/08

Exhibit B

MADISON   AVENUE
BUSINESS IMPROVEMENT DISTRICT

June 15, 2010

Joseph Sciascia
President
Special and Superior Officers Benevolent Association
200B West Main Street
Babylon, New York 11702

Carmen Fontanez
555 East 80 Street
Brooklyn, NY  11236

Dear Mr. Sciascia and Ms. Fontanez:

This letter sets forth the terms of a settlement agreement (the "Agreement")
by and among Carmen Fontanez (the "Grievant"), Special and Superior Officers
Benevolent Association (the "Union"), and the Madison Avenue Business Improvement
District (the "Employer").

The Employer and the Union are party to a collective bargaining agreement
dated as of July 15, 2007 (the "CBA").  The Grievant was suspended without pay for a
portion of May 28, 2010, for being off her post, and Grievant thereafter, on that same day,
resigned and was consequently separated from employment with the Employer.   The
Union presented a grievance on behalf of the Grievant to the Employer in regard to her
separation, and communicated its intention to file for arbitration regarding the matter at
the American Arbitration Association alleging a violation of the CBA (the "Grievance").
The Employer has denied the allegations in the Grievance and asserted that it neither
breached the CBA nor was liable to the Grievant or the Union in any manner whatsoever.

Now, after discussion among the parties, it is hereby agreed that all disputes concerning Grievant, including the Grievance, shall be settled in accordance with the terms and understandings set forth below:

1.  The pertinent details are as follows.  On May 28, 2010, Matthew Bauer, the President of the Madison Avenue Business Improvement District informed Grievant, at approximately 11:50 AM., that she was suspended without pay for the remainder of her work shift for being off her post.  Thereafter, at approximately 12:00 p.m. that same day, Grievant repeatedly informed Pearl Floy, the Employer's Dispatcher, that she no longer wished to be employed by the Employer, and therefore, resigned her employment with the Employer. Since Grievant insisted that it was her intention to resign, despite that Ms. Floy repeatedly gave her a chance to re-consider, the Employer accepted Grievant's resignation.

2.  The resignation and separation of the Grievant shall be converted to a suspension without pay effective from May 28, 2010 through the date this Agreement is fully executed by the parties.  Grievant shall be entitled to no back pay or benefits whatsoever for such period.  Following full execution of this Agreement, the Grievant shall be reinstated to employment by the Employer on a "last chance basis."  Any further violation of policy or rules, or misconduct, will result in her discharge.

3.  This Agreement is non-precedential, and cannot be relied upon or cited in any future cases or disputes that do not pertain to the Grievant.

4.   The Grievance filed by the Union on behalf of the Grievant is hereby withdrawn with prejudice.

5.   The Employer has entered into the Agreement solely for the purpose of resolving any existing claims and disputes with the Grievant and the Union. The making of the Agreement is not intended, and shall not be considered, as an admission that the Employer has violated the CBA, any law, or has committed any wrong whatsoever against the Grievant or the Union.

6.   Any disputes regarding interpretation or application of this Agreement shall be referred for resolution in arbitration pursuant to the grievance and arbitration machinery of the CBA.

If the foregoing constitutes our agreement, please sign below, and return it to me.

Very truly yours,

Matthew Bauer, President
Madison Avenue Business Improvement
District

Accepted and Agreed:

Carmen Fontanez
Print Name: Carmen Fontanez
Date: 6/15/10

Special and Superior Officers Benevolent Association
Print Name: ALLEN J Dooley

Exhibit C

must immediately report any conviction under a criminal drug statute for violations occurring at any time, whether during BID working time or otherwise.

## O. HARASSMENT-FREE WORKPLACE POLICY

The BID is committed to maintaining a workplace free of unlawful harassment. Our policy prohibits unwelcome sexual conduct and inappropriate verbal or written communications of a sexual nature by any employee of the BID, whether the behavior is directed toward any other employee, job applicant, performer, resident or visitor to the BID area, and whether the behavior occurs on BID property or in any other work-related setting or circumstance. It also prohibits harassment based on actual or perceived race, creed, religion, color, national origin, gender, age, marital status, sexual orientation, alienage or citizenship status, disability or handicap, or because he or she is a disabled veteran or veteran of the Vietnam era, or he or she has a known relationship or association with a person who is within one of the aforementioned classes, or based on any other legally protected personal characteristic.

With regard to sexual harassment, Guidelines of the United States Equal Employment Opportunity Commission provide that unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitutes sexual harassment when (1) submission to such conduct is made explicitly or implicitly a term or condition of an individual's employment; (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive environment for the employee.

Examples of the kind of improper conduct this policy is aimed at include, but are not limited to, offensive comments, jokes, innuendoes, and other sexually oriented statements, leering or ogling, assault, physical interference with normal work movement, unwelcome touching, and displays of derogatory or demeaning posters, cards, cartoons, graffiti, gestures, drawings, or sexually suggestive pictures.

Any person who is subjected to or who observes or hears actions or words that constitute harassment has a responsibility to report or complain about the situation promptly. Such reports may be made to the Director of Operations, Security Supervisor, Dispatcher or, if you prefer, to the President. Your complaint will be kept confidential to the maximum extent possible, consistent with the BID's responsibility for identifying and eliminating harassment from the workplace. Upon receipt of a complaint alleging harassment, the BID will investigate and take whatever action it deems appropriate to ensure that this policy is adhered to and that the offending conduct does not happen again. Anyone who violates this policy will be subject to disciplinary action, up to and including termination.

The BID prohibits all forms of retaliation against any employee for making a complaint under this policy or for providing information or answering questions during the

investigation of a complaint.

## P.      Non-Solicitation Policy

Solicitation by a BID employee of another employee, or merchant or visitor in the BID area, is prohibited while either person is working or scheduled to be working. Additionally, employees are not permitted to distribute advertising material, hand bills or printed or written literature of any kind in BID work areas at any time, unless express permission is given by BID Administrative Staff.

Date: JUNE 15, 2010

Carmen Fontanez                                                    July 14, 2012
555 East 80th Street
Brooklyn NY 11236


Re:    Carmen Fontanez v. Madison Avenue Business Improvement District
       EEOC Charge No. 520-2011-02492

Dear Ms. Haimowitz

In response to the Madison Avenue Business Improvement District allegations that I
never complained about harassment is false, the first time I went to management was
about 2008 along with my union delegate to complain about a former co-worker John
Wells. A meeting was held with management, I, John Wells, the Union Delegate and
another Union member.  I had presented strong evidence against John Wells, John Wells
proceeded to accuse the Union Delegate and Union Member of setting him up at that
point management ask the Union Delegate if he and the Union Member if they had
anything against Mr. John Wells, the Delegate replied no, management then examined
my phone records and acknowledged that Mr. John Wells was calling my cellular phone
on numerous occasions using the company's office telephone, management asked Mr.
John Wells why he was calling my cellular phone when we have two-way radios for
communications, management also observed that Mr. John Wells made calls to my
cellular phone in inappropriate early morning hours while I was at home sleeping. At this
point management acknowledge my allegations were true. The results of the meeting was
Mr. John Hunt spoke with me the Union Delegate and the Union Member to cut Mr. John
Wells a break because he had a young daughter to support, at that point the Delegate
advised me to make management let him go but, I agreed to let Mr. John Wells keep his
job and I told management to keep him away from me.
Madison Avenue Business Improvement District Management has been trying to push
me out of my employment ever since this incident occurred. Mr. Alexandro Rivera has
worked in conjunction with management to remove me from my employment with the
Madison Avenue Business Improvement District by writing me up and refusing me union

representation along with Mr. John Hunt on occasions which included July 30, 2008 and June 2, 2011. I was told that if I didn't sign the 2008 violation I would be fired. When I request my Union Delegate while I was being reprimanded June 2, 2011 I was told by Mr. John Hunt I would be fired if I bring the Delegate into the office. Mr. John Hunt had Mr. Alexandro Rivera in the office June 2, 2011 to reinforce intimidation and create an uncomfortable hostel environment forcing me to resign from my position as security officer with the Madison Avenue Business Improvement District. I also would like to point out that Mr. Alexandro Rivera also violates the company's lateness policy on a daily basis by coming in a half an hour late or more and he is never reprimanded by management. Mr. Alexandro Rivera did not in anyway worked in my best interest, he is a SSOBA dues paying member but he is anti union and always has been against the Superior and Special Officers Benevolent Association Union, Mr. Alexandro Rivera is not a member of the SSOBA bargaining unit he has never attended a negotiation meeting the union has signed attendance records to prove this. According to Weingarten Act, I get to choose what officer, delegate or member I would like present when I'm being reprimanded, not management, clearly Mr. Rivera was not in Mr. Hunt's office to help me when he knew Mr. Hunt was violating my rights.

In response to May 28, 2010 incident I came to work a little early so can collect my pay check and cash it. I received my pay check and proceeded to the bank, to the best of my knowledge I had enough time to take care of this process Mr. Joseph Jones followed me into the bank trying to get me to give him money after I had already told him no while I was trying to get Mr. Joseph Jones to stop badgering me for money the teller had telephone Mr. Matthew Bauer,  at this point I was trying to get my pay check from the teller because I was out of time and I told the teller I'll take care of it later but the teller refused to give me the check, at this point Mr. Matthew Bauer enter the bank and asked whats is going on and told Mr. Joseph Jones he wanted me and Mr. Jones in the office, inside the office Mr. Bauer never spoke to me and I never told Ms. Pearl Floy that I resigned she acted on her own authority to say I had resigned. I was suspended without written or verbal warning and sent home, I called the office later on that day to find out when I can return to work, I had spoken to Ms. Pearl Floy she indicated that Matthew

Bauer didn't want to speak to me and he did not want me on the job anymore and I was terminated. The Madison Avenue Business Improvement District management reinstated me and I did sign the agreement but management knew all along they never got a written or, verbal resignation from me.

In response to Mr. Alfred Ervin allegations of May 27, 2011 that I made an obscene gesture at Mr. Noel Facey by sticking up my middle finger at Mr. Facey is false Mr. Alfred Ervin was never in the area nor did he ever see me on that date, I was with another co-worker that day that can testify to Mr. Ervin was not in the area. Besides I was not working Friday May 27, 2011 I was not wearing The Madison Avenue Business Improvement Security Uniform and I was not being paid by the Madison Avenue Business Improvement District, I was a civilian at the time of these allegations, management had no legitimate reason to reprimand me for these allegations since I was off duty how could I have possibly violate their misconduct policy when I was on own my time.

On January 26, 2011 myself and The Union Delegate went into Mr. Matthew Bauer's office to complain about Joseph Jones consistent harassment, Mr. Bauer's response was that these are serious allegations and called Mr. Joseph Jones to the office, when Mr. Joseph Jones arrived to the office Mr. Jones was advised of what I had told Mr. Bauer there after Mr. Jones and I was suspended, the next day Mr. John Hunt, Mr. Matthew Bauer, the Union Delegate, myself and Mr. Jones had meeting and I was treated like it was my fault Mr. Hunt told me that he had lot of complaint against me and that he had enough to terminate me and Mr. Jones both, Mr. Hunt had also told me that he didn't want anymore complaints of harassment. Management knew there was a problem with Mr. Joseph Jones from the bank incident we both was dismissed that day which resulted in me being wrongfully terminated.

Wednesday May 18, 2011 approx. 1600 hrs I was having my meal in the meal area in the office, Mr. Alfred Erving was dispatching at the time, I had sat down to eat my meal at the table in the meal area which is across from the dispatcher office, Mr. Alfred Ervin

began to harass me by telling me where I should and whom should have my meal with, since I cannot sleep with him he also indicated when he want something he get it, I became very upset and took my meal up to the front to one of the desk where I sat eating my meal and crying, Mr. Matthew Bauer observed me and asked me why wasn't I eating in the meal area and why are you crying, I explain to him what was happing, Mr. Matthew Bauer then call Mr. John Hunt out of his office and asked Mr. John Hunt to get to the bottom of what was going on, Mr. John Hunt went to the dispatcher office and spoke with Mr. Alfred Ervin with me in Mr. Alfred Ervin presents, Mr. John Hunt told Mr. Alfred Ervin to leave me alone and I had just as much right to eat in the meal area as anyone else, Mr. Alfred Ervin denied everything, again management knew there was a problem and did nothing to help me and this is a situation that management clearly witnessed for themselves.

I have included the Madison Avenue BID Security Team weekly schedule it is effective as of May 19, 2011, it also indicates that I was not working May 27, 2011.

I also included May 2, 2011 1940 hrs were Mr. Noel Facey and Mr. Alfred Ervin (#124) conspired a call for commercial burglar alarm to bring to management that I neglected to respond because I was off post or failed to respond via radio, when the truth is Noel Facey never called me or the supervisor via radio and Alfred Ervin was off post because he was sitting in the dispatcher office with Noel Facey that is why he was able to respond to the call, Alfred Ervin post was between east 57th street and east 66th street at 1900 hrs he should have not been in my area at that time when our tour ends at 2030 hrs, Alfred Ervin was never question why he was off post.

April 21, 2011 Noel Facey was off post and in my sectors searching for me when there was a supervisor on duty if you will observe the back of the deployment sheet for April 21, 2011 you will notice Mr. Noel Facey's (#102) hand writing stating 6:42 PM he patrolled from east 72nd street to 57th street no security to be seen, his post was from 72nd street to 66th street there was no need for him to be doing the supervisor's job to be

following or searching for me. I in formed the supervisor and we both observed Noel Facey searching my sectors.

May 11, 2011 I completed my tour at 2030 hrs I went into the locker room to change out of uniform Sergeant 3 proceeded to try and force his way into the locker room but I had the door locked as I exited the locker room Sergeant 3 Montino Wright proceeded to feel my breast and my rear end and asked me to go back into the locker room to engage in oral sex and sexual intercourse. I ran out of the office with my shoes and bag in my hand. I never complain about this incident because I was told that if I kept complaining I would be terminated.

I never resigned because I was confronted for misconduct, I resigned because I was constantly harassed by my co-workers and management discriminated against me, by letting these events take place and forcing me to resign when I did nothing wrong.

Sincerely

Carmen L. Fontanez

# Madison Avenue BID Security Deployment Schedule

## Thursday        Date 04/21/11                        125 Dispatch Duty 1600 x 2030

| Officer In Charge | Time | Sector Adam 57-59 | Sector Boy 59-61 | Sector Charlie 61-63 | Sector Dave 63-66 | Sector Eddie 66-68 | Sector Frank 68-70 | Sector George 70-72 | Sector Henry 72-74 | Sector Ida 74-76 | Sector John 76-78 | Sector King 78-81 | Sector Larry 81-84 | Sector Mike 84-86 | Meal Times |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SGT 1 | 0800-0900 | 127 | 127 | 127 | 127 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | 051 | 051 | SGT 1 | 051 | 051 | |
| | 0900-1000 | 127 | 127 | 127 | 127 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | 051 | 051 | SGT 1 | 051 | 051 | |
| | 1000-1130 | 051 | 051 | 051 | 051 | SGT 1 | | SGT 1 | SGT 1 | 127 | 127 | 127 | 127 | SGT 1 | SGT 1 | |
| | 1130-1300 | 122 | 122 | 125 | 126 | 126 | 126 | 051 | 117 | 117 | 051 | 051 | 051 | SGT 1 | SGT 1 | 127 |
| SGT 1,2 | 1300-1400 | 122 | 122 | 125 | 125 | 126 | 126 | (102) | (102) | 117 | 117 | 051 | 051 | 051 | 051 | 127 |
| | 1400-1500 | 127 | 127 | 127 | (102) | (102) | 117 | 117 | 122 | 122 | 125 | 125 | 126 | 126 | | 051/SGT 1 |
| | 1500-1600 | SGT 2 | 051 | 051 | 051 | 127 | 127 | 127 | (102) | SGT 2 | 102 | 117 | 117 | 117 | SGT 2 | 126/122/125 |
| | 1600-1700 | 126 | 126 | 126 | 122 | 122 | 122 | 051 | SGT 1 | 051 | 127 | 127 | 127 | 127 | SGT 2 | 102/117 |
| SGT 2 | 1700-1800 | SO117 | SO117 | SO117 | (102) | 122 | 122 | (102) | (102) | 122 | 122 | 126 | 126 | 126 | SO117 | SGT 2 |
| | 1800-1900 | 117 | 117 | 117 | 117 | SGT 2 | (102) | (102) | 122 | 122 | 122 | 122 | SGT 2 | 126 | 126 | |
| | 1900-2030 | 117 | 117 | 117 | 117 | SGT 2 | (102) | (102) | SGT 2 | 122 | 122 | 122 | 126 | 126 | SGT 2 | |

SPECIAL DETAIL: God ✝ Please guide me through this Day

Madison Avenue BID Security Deployment Schedule

Wednesday                                Date: 01/26/11

Madison Avenue BID
59 East 79th Street
Lower Level
New York, NY 10021

| Officer In Charge | Time | Sector Adam 57-59 | Sector Boy 59-61 | Sector Charlie 61-63 | Sector Dave 63-66 | Sector Eddie 66-68 | Sector Frank 68-70 | Sector George 70-72 | Sector Henry 72-74 | Sector Ida 74-76 | Sector John 76-78 | Sector King 78-81 | Sector Larry 81-84 | Sector Mike 84-86 | Meal Times |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SGT 1 | 0800-0900 | 121 | 121 | 121 | 121 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | 051 | 051 | 051 | 051 | |
| | 0900-1000 | 121 | 121 | 121 | 121 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | 051 | 051 | 051 | 051 | |
| | 1000-1130 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | 121 | 121 | 121 | 121 | SGT 1/051 |
| SGT 1,3 | 1130-1300 | 051 | 051 | 051 | | 063 | 063 | 124 | 063 | 063 | 063 | 121 | 121 | 121 | 126/127/124 |
| | 1300-1400 | 125 | 125 | 125 | 063 | 063 | 063 | 127 | 127 | 124 | 124 | 051 | 051 | 051 | 121 |
| | 1400-1500 | SGT 3 | SGT 3 | SGT 3 | SGT 3 | SGT 3 | SGT 3 | 125 | 125 | SGT 3 | 124 | 127 | 127 | 127 | 125/063 |
| | 1500-1600 | 121 | 051 | 051 | 051 | 121 | 121 | SGT 3 | SGT 3 | 051 | 051 | 125 | 125 | 125 | 136/127/124 |
| | 1600-1700 | 127 | 127 | 127 | 127 | SGT 1 | 121 | SGT 1 | 127 | 051 | 051 | 051 | 051 | 051 | 125/063 |
| SGT 3 | 1700-1800 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | 127 | 127 | 127 | 127 | SGT 3 |
| | 1800-1900 | 063 | 063 | 063 | 063 | 125 | 125 | 125 | 125 | 125 | SGT 3 | SGT 3 | SGT 3 | SGT 3 | |
| | 1900-2030 | SGT 3 | SGT 3 | SGT 3 | SGT 3 | SGT 3 | SGT 3 | SGT 3 | SGT 3 | SGT 3 | SGT 3 | SGT 3 | SGT 3 | SGT 3 | |

Special Detail:117 Suspended
126 Suspended

124: Dispatch Duty 1600x2030

# Madison Avenue BID Security Deployment Schedule

Friday        Date: 05/ 28/ 10

Madison Avenue BID
59 East 79th Street
Lower Level
New York, NY 10021

Special Details: 122 Vacation                    125 : Dispatch Duty: 1600x 2030

| Officer In Charge | Time | Sector Adam 57-59 | Sector Boy 59-61 | Sector Charlie 61-63 | Sector Dave 63-66 | Sector Eddie 66-68 | Sector Frank 68-70 | Sector George 70-72 | Sector Henry 72-74 | Sector Ida 74-76 | Sector John 76-78 | Sector King 78-81 | Sector Larry 81-84 | Sector Mike 84-86 | Meal Times |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SGT 1 | 0800-0900 | 102 | 102 | 102 | 102 | SGT1 | SGT1 | SGT1 | SGT1 | SGT1 | SGT1 | 051 | 051 | 051 | |
| | 0900-1000 | SGT1 | SGT1 | SGT1 | SGT1 | SGT1 | SGT1 | SGT1 | SGT1 | | SGT1 | SGT1 | SGT1 | SGT1 | |
| SGT 1 | 1000-1130 | 051 | 051 | 051 | 051 | 051 | 051 | 051 | 051 | | 102 | 102 | 051 | 051 | |
| | 1130-1300 | SGT1 | SGT1 | SGT1 | SGT1 | SGT1 | SGT1 | SGT1 | SGT1 | SGT1 | SGT1 | SGT1 | SGT1 | SGT1 | |
| SGT 1 | 1300-1400 | 126 | 126 | 126 | 125 | 125 | 117 | 117 | 124 | 124 | 124 | 051 | 051 | 051 | 102 |
| | 1400-1500 | 102 | 102 | 102 | 117 | 117 | 117 | 126 | 126 | 126 | 102 | 102 | 102 | 102 | 051/SGT 1 |
| | 1500-1600 | 051 | 051 | 051 | 102 | 102 | 102 | 117 | 117 | 117 | 117 | 124 | 124 | 124 | 126/125 |
| | 1600-1700 | SGT1 | 126 | SGT1 | 126 | SGT1 | SGT1 | SGT1 | SGT1 | SGT1 | 102 | 102 | 102 | 102 | 124/117 |
| SO124 | 1700-1800 | 126 | 126 | 126 | SGT1 | SGT1 | SGT1 | SGT1 | SGT1 | SGT1 | 117 | 117 | 117 | 117 | |
| | 1800-1900 | 126 | 126 | 126 | SO124 | SO124 | SO124 | SO124 | SO124 | SO124 | SO124 | SO124 | SO124 | 117 | |
| | 1900-2030 | SO124 | SO124 | SO124 | 126 | 126 | 126 | SO124 | SO124 | SO124 | SO124 | SO124 | SO124 | SO124 | |

# Madison Avenue BID Security Deployment Schedule

Friday          Date: 05/ 28/ 10

Madison Avenue BID
59 East 79th Street
Lower Level
New York, NY 10021

| Officer In Charge | Time | Sector Adam 57-59 | Sector Boy 59-61 | Sector Charlie 61-63 | Sector Dave 63-66 | Sector Eddie 66-68 | Sector Frank 68-70 | Sector George 70-72 | Sector Henry 72-74 | Sector Ida 74-76 | Sector John 76-78 | Sector King 78-81 | Sector Larry 81-84 | Sector Mike 84-86 | Meal Times |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SGT 1 | 0800-0900 | 102 | 102 | 102 | 102 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | |
| SGT 1 | 0900-1000 | SGT 1 | 102 | 102 | 102 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | 051 | 051 | |
| | 1000-1130 | 051 | 051 | 051 | 051 | | | | 102 | 102 | 102 | 102 | 102 | 102 | |
| SGT 1 | 1130-1300 | 125 | 125 | 125 | 125 | 124 | 124 | 124 | 102 | 102 | 051 | 051 | 051 | 051 | |
| | 1300-1400 | 124 | 124 | 124 | 124 | 125 | 125 | 125 | 125 | 051 | 051 | 051 | 051 | 051 | 102 |
| | 1400-1500 | 102 | 102 | SGT 1 | SGT 1 | SGT 1 | 124 | 124 | 124 | 124 | 125 | 125 | 125 | 125 | 051/SGT 1 |
| | 1500-1600 | 051 | 051 | 051 | 051 | 102 | 102 | 102 | 102 | 102 | 124 | 124 | 124 | 124 | 125 |
| | 1600-1700 | SGT 1 | 051 | 051 | SO124 | SO124 | SO124 | SO124 | SO124 | SO124 | SO124 | SO124 | SO124 | SO124 | 124 |
| SO124 | 1700-1800 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | 124 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | |
| | 1800-1900 | 124 | 124 | 124 | 124 | 124 | 124 | 124 | 102 | 102 | 102 | 102 | 102 | 102 | |
| | 1900-2030 | SO124 | SO124 | SO124 | SO124 | | 124 | 124 | SO124 | 102 | 102 | 102 | 102 | 102 | 102 |

Special Details: 122 Vacation
126 Suspended
117 Suspended

125 : Dispatch Duty: 1600x 2030

# Madison Avenue BID Security Deployment Schedule

## Thursday    Date 06/02/11

SPECIAL DETAIL:

Madison Avenue BID
39 East 79th Street
Lower Level
New York, NY 10021

125 Dispatch Duty 1600 x 2030

| Officer In Charge | Time | Sector Adam 57-59 | Sector Boy 59-61 | Sector Charlie 61-63 | Sector Dave 63-66 | Sector Eddie 66-68 | Sector Frank 68-70 | Sector George 70-72 | Sector Henry 72-74 | Sector Ida 74-76 | Sector John 76-78 | Sector King 78-81 | Sector Larry 81-84 | Sector Mike 84-86 | Meal Times |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SGT 1 | 0800-0900 | 127 | 127 | 127 | 127 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | 051 | 051 | 051 | 051 | |
| | 0900-1000 | 127 | 127 | 127 | 127 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | 051 | 051 | 051 | 051 | |
| | 1000-1130 | 051 | 051 | 051 | 051 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | 127 | 127 | 127 | 127 | |
| | 1130-1300 | 122 | 122 | 126 | 125 | 125 | 125 | 102 | 117 | 117 | 051 | 051 | 127 | 127 | |
| SGT 1,2 | 1300-1400 | 122 | 122 | 126 | 126 | 125 | 125 | 102 | 102 | 117 | 051 | 051 | 051 | 051 | 127 |
| | 1400-1500 | 127 | 127 | 127 | 102 | 102 | 117 | 117 | 122 | 122 | 117 | 117 | 125 | 125 | 051/SGT 1 |
| | 1500-1600 | 051 | 051 | 051 | 127 | 127 | 127 | 127 | 117 | 117 | 117 | 102 | 102 | 102 | 122/126/125 |
| | 1600-1700 | 122 | 122 | 122 | 122 | 126 | 126 | 126 | 122 | 051 | 051 | 127 | 127 | | 117/102 |
| SGT 2 | 1700-1800 | 102 | 102 | 102 | 102 | 126 | 126 | 126 | 126 | 126 | 122 | 122 | 122 | 122 | SGT 2 |
| | 1800-1900 | 126 | 126 | 126 | 126 | 102 | 102 | 102 | 122 | SO117 | SO117 | SO117 | 117 | 117 | |
| | 1900-2030 | 122 | 126 | 126 | 126 | SGT 2 | 102 | 102 | 122 | 122 | SGT 2 | 122 | 117 | 117 | |

| Officer In Charge | Time | Sector Adam 57-59 | Sector Boy 59-61 | Sector Charlie 61-63 | Sector Dave 63-66 | Sector Eddie 66-68 | Sector Frank 68-70 | Sector George 70-72 | Sector Henry 72-74 | Sector Ida 74-76 | Sector John 76-78 | Sector King 78-81 | Sector Larry 81-84 | Sector Mike 84-86 | Meal Times |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SGT 2 | | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | |

# Madison Avenue BID Security Deployment Schedule

**Thursday**  **Date 06/02/11**

Madison Avenue BID
59 East 79th Street
Lower Level
New York, NY 10021

**SPECIAL DETAIL: 117 RESIGNED**

**125 Dispatch Duty 1600 x 2030**

| Officer In Charge | Time | Sector Adam 57-59 | Sector Boy 59-61 | Sector Charlie 61-63 | Sector Dave 63-66 | Sector Eddie 66-68 | Sector Frank 68-70 | Sector George 70-72 | Sector Henry 72-74 | Sector Ida 74-76 | Sector John 76-78 | Sector King 78-81 | Sector Larry 81-84 | Sector Mike 84-86 | Meal Times |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SGT 1 | 0800-0900 | 127 | 127 | 127 | 127 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | |
| | 0900-1000 | 127 | 127 | 127 | 127 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | 051 | 051 | 051 | 051 | |
| | 1000-1130 | 051 | 051 | 051 | 051 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | 127 | 127 | 127 | 127 | 127 |
| | 1130-1300 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | 125 | 102 | 102 | 102 | 051 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | |
| SGT 1.2 | 1300-1400 | 122 | 122 | 122 | 122 | 125 | 125 | 125 | 102 | 102 | 102 | 051 | 051 | 051 | |
| | 1400-1500 | 122 | 122 | 126 | 102 | 102 | 125 | 125 | 125 | 102 | 102 | 051 | 051 | | 051/SGT 1 |
| | 1500-1600 | 127 | 127 | 127 | 127 | 102 | 127 | 122 | 122 | 127 | SGT 2 | SGT 2 | SGT 2 | | 122/126/125 |
| | 1600-1700 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | 126 | 126 | 125 | | 127 |
| SGT 2 | 1700-1800 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | SGT 1 | 051 | 051 | 051 | SGT 2 | 127 | 127 | 102 |
| | 1800-1900 | 102 | 102 | 102 | 102 | 102 | 102 | 102 | 102 | 102 | 122 | 122 | 122 | 122 | |
| | 1900-2030 | 126 | 126 | 126 | 126 | 126 | 126 | 126 | | | 122 | 122 | 122 | 122 | SGT 2 |

# Incident and Emergency Log

Page 1026

| Date | Time of Call | Time of Arrival | Type of Incident | Incident # | Location | BID Officer | PD Y/N | Had Line Y/N | Name of Caller | Dispatcher | Final Disposition |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 05-04-11 | 1412 | 1416 | 10-52 Dispute | N/A | 878 Madison Avenue | 825 | Y | N | Unk. | NF | 10-28 Y |
| 05-02-11 | 0822 | 0826 | 10-11 Comm Burg | N050/101 | 718 Madison Avenue | 121 | Y | W | cirl | P.F | 10-28 Y |
| 05-02-11 | 1252 | 1255 | 10-75 Ped/landlord | N/A | 681 Madison Avenue 124 | W | Y | i | Mallory | P.F | 10-28 Y |
| 05-02-11 | 1639 | 1645 | 10-11 Comm Burg | N050/102 | 772 Madison Avenue 102 | V | W | gryl P.F | P.F | 10-28 Y |
| 05-02-11 | 1507 | 1507 | 10-11 Comm Burg | N050/103 | 1087 Madison Avenue 162 | W | W | Yet UF | P.F | 14 Enl |
| 05/2/11 | 1840 | | 10-11 Comm Burg | N050/104 | 1055 Madison Ave 124 | | | | inl | | 10-28 V |

*Entries must be made for all response including calls on the hotline and police scanners

# Madison Avenue BID Security Deployment Schedule

**Monday**     **Date: 05/02/11**

| Officer In Charge | Time | Sector Adam 57-59 | Sector Boy 59-61 | Sector Charlie 61-63 | Sector Dave 63-66 | Sector Eddie 66-68 | Sector Frank 68-70 | Sector George 70-72 | Sector Henry 72-74 | Sector Ida 74-76 | Sector John 76-78 | Sector King 78-81 | Sector Larry 81-84 | Sector Mike 84-86 | Meal Times |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SGT 2 | 0800-0900 | 121 | 121 | 121 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | 102 | 102 | 102 | 102 | |
| | 0900-1000 | 121 | 121 | 121 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | 102 | 102 | 102 | 102 | |
| | 1000-1130 | 102 | 102 | 102 | 102 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | 121 | 121 | 121 | 121 | |
| SGT 2,3 | 1130-1300 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | 121/102 |
| | 1300-1400 | 117 | 117 | 117 | 117 | SGT 2 | 117 | 117 | SGT 2 | 102 | 124 | 124 | 124 | 124 | 121/102 |
| SGT 3 | 1400-1500 | 121 | 121 | 121 | 121 | 102 | SGT 2 | 102 | 117 | 117 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 |
| | 1500-1600 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | 102 | 102 | 102 | 102 | 124/117 |
| | 1600-1700 | 117 | 121 | 121 | 121 | 124 | 124 | 124 | 124 | 124 | 121 | 121 | 121 | 121 | |
| | 1700-1800 | 117 | 117 | 117 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | 124 | 124 | 117 | |
| SGT 2 | 1800-1900 | 124 | 124 | 124 | 124 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | 117 | 117 | 117 | |
| | 1900-2030 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT | SGT 2 | SGT 2 | SGT 2 | SGT 2 | SGT 2 | 117 | 117 | SGT 2 | |

Special Detail:063 P.T.O
SGT 3 Emg. Personal

102 Dispatch Duty- 1600 x 2030

# MADISON AVENUE BID SECURITY TEAM WEEKLY SCHEDULE

*: no meal   **: dispatch duty only

HOURS OF OPERATION: 0800-2030

EFFECTIVE: 05/19/11

| | NAME | SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY |
|---|---|---|---|---|---|---|---|---|
| S1 | RIVERA, A.  TEMPORARY | 0800-1700 | 0800-1700 | RDO | 0800-1700 | 0800-1700 | 0800-1700 | 0800-1700 |
| S2 | MARTIN, G  TEMPORARY | 1130-2030 | RDO | 0800-1700 | 0800-1700 | 1130-2030 | RDO | 0900-1700 |
| S3 | WRIGHT, M. | RDO | 1130-2030 | 1130-2030 | 1130-2030 | RDO | 11-30-2030 | 1130-2030 |
| 051 | DRAYTON, A | RDO | RDO | 0800-1700 | 0800-1700 | 0800-1700 | 0800-1700 | 0800-1700 |
| 126 | JONES J | 1130-2030 | RDO | RDO | 1130-2030 | 1130-2030 | 1130-2030 | 1130-2030 |
| 125 | STOKES, F | 1130-2030 | RDO | 1130-2030 | 1130-2030 | 1130-2030 | 1130-2030 | 1130-2030 |
| 121 | MIREE, E | 0800-1700 | 0800-1700 | 0800-1700 | 0800-1700 | RDO | 0800-1700 | 0800-1700 |
| 117 | C. FONTANEZ | 0800-1700 | 1130-2030 | 1130-2030 | 1130-2030 | 1130-2030 | RDO | RDO |
| 102 | FACEY, N | 0800-1600** | 0800-1700 | RDO | RDO | 1130-2030 | 0800-1700 | 0800-1600** |
| 063 | SAMIA, D | 1130-2030 | 1130-2030 | 1130-2030 | 1130-2030 | RDO | RDO | 1130-2030 |
| 124 | ERVIN, A | RDO | 1130-2030 | 1130-2030 | 1130-2030 | RDO | 1130-2030 | 1130-2030 |
| 122 | BLACK, E | 1130-2030 | RDO | 1130-2030 | RDO | 1130-2030 | 1130-2030 | 1130-2030 |
| 127 | R. VILAIN | RDO | RDO | 1130-2030 | 1130-2030 | 0800-1700 | 1130-2030 | 1130-2030 |
| DISPATCHER: | FLOY .P | RDO | 0800-1600* | 0800-1600* | 0800-1600* | 0800-1600* | 0800-1600* | RDO |

IMPORTANT TELEPHONE NUMBERS:

DURING NORMAL BUSINESS HOURS (9:00AM TO 5:00PM) EMPLOYEES CALL 212-861-2055

AFTER HOURS & WEEKENDS, EMPLOYEES CALL 212-288-5959

EDMOND BROWN-SANITATION SUPERVISOR: 646-322-1372 (CELL PHONE)

AVERY BRINSON-SANITATION SUPERVISOR: 347-749-1312-(CELL PHONE)

KHALIFA –NDIAYE-SANITATION SUPERVISOR: 917-640-1376-(CELL PHONE)

JOHN HUNT – OPERATIONS: 516-873-6858 or 917-783-6725 (cell phone)

MATT BAUER – ADMINISTRATION: 718-261-2546 or 917-975-5281 (cell phone)