UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARMEN FONTANEZ,<br><br>      Plaintiff,<br><br>    -against-<br><br>MADISON AVENUE BUSINESS IMPROVEMENT DISTRICT,<br><br>      Defendant. | Index No. 12 Civ. 7978 (PKC)<br><br>**ANSWER** |

  Defendant 60-86 Madison Avenue District Management Association, Inc. d/b/a Madison Avenue Business Improvement District (hereinafter "Defendant"), by its attorneys, Kauff McGuire & Margolis LLP, as and for its Answer to the Complaint filed by Plaintiff *pro se* Carmen Fontanez, admits, denies and avers as follows:

  1. To the extent that the first unnumbered paragraph on page one of the Complaint, in which Plaintiff has checked the space next to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000c to 2000e-17, as amended ("Title VII") may be deemed to set forth any allegations of fact, Defendant denies those allegations and specifically denies that it violated Title VII.

  2. To the extent that paragraph I. A. on page two of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations, except denies knowledge or information sufficient to form a belief as to Plaintiff's current address and telephone number.

  3. To the extent that paragraph I. B. on page two of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations, except

admits that it has a place of business located at 59 East 79th Street (Lower Level), New York, New York 10075.

4. To the extent that paragraph I. C. on page two of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations, except admits that it has a place of business located at 59 East 79th Street (Lower Level), New York, New York 10075.

5. To the extent that paragraph II. A. on page two of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations.

6. To the extent that paragraph II. B. on page three of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations.

7. Paragraph II. C. on page three of the Complaint was not completed by Plaintiff. To the extent that Paragraph II.C. may be deemed to set forth any allegations of fact, Defendant denies those allegations.

8. To the extent that paragraph II. D. on page three of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations.

9. To the extent that paragraph II. E. on page three of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations and specifically denies that it discriminated or retaliated against Plaintiff.

10. Paragraph III. A. on page three of the Complaint was not completed by Plaintiff. To the extent that paragraph III. A. is deemed to set forth any allegations of fact, Defendant denies those allegations.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph III. B. on page four of the Complaint.

12. Paragraph III. C. on page four of the Complaint was not completed by Plaintiff. To the extent that Paragraph III. C. may be deemed to set forth allegations of fact, Defendant denies those allegations.

13. To the extent that paragraph IV on page 4 of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations and specifically denies that Plaintiff is entitled to the relief sought therein.

14. The correspondence from the EEOC dated September 24, 2012 attached to the Complaint speaks for itself and Defendant refers the Court to the actual document for its full text.

15. The Notice of Right to Sue attached to the Complaint speaks for itself and Defendant refers the Court to the actual document for its full text.

16. To the extent that the EEOC Intake Questionnaire signed by Plaintiff on June 10, 2011 attached to the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations, except denies knowledge or information sufficient to form a belief as to Plaintiff's address and Maria Huitzil's address and admits that Plaintiff was employed by Defendant from September 27, 2007 through June 2, 2011 and that her supervisor was John Hunt.

17. To the extent that the letter from the EEOC to plaintiff dated June 15, 2011 attached to the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations and specifically denies that it discriminated or retaliated against Plaintiff.

18. To the extent that the "Charge of Discrimination" form signed by Plaintiff on June 24, 2011 attached to the Complaint may be deemed to set forth any allegations

of fact, Defendant denies those allegations and specifically denies that it discriminated or retaliated against Plaintiff.

19. The correspondence from the EEOC to Plaintiff dated July 2, 2012 attached to the Complaint speaks for itself and Defendant refers the Court to the actual document for its full text.

20. The correspondence from Kauff McGuire & Margolis LLP to the EEOC dated November 11, 2011 attached to the Complaint speaks for itself and Defendant refers the Court to the actual document for its full text.

21. To the extent that correspondence from Plaintiff to the EEOC dated July 14, 2012 attached to the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations and specifically denies that it discriminated or retaliated against Plaintiff.

22. To the extent that the any other attachments to Plaintiff's Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations and specifically denies that it discriminated or retaliated against Plaintiff.

## DEFENSES

23. The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

## FIRST DEFENSE

24. The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

25. The claims in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

26.    All actions taken with respect to Plaintiff were for valid, legitimate, nondiscriminatory and nonretaliatory business reasons and in good faith compliance with all applicable laws.

## FOURTH DEFENSE

27.    Plaintiff was not subject to harassment or a hostile work environment based on her sex or gender.

## FIFTH DEFENSE

28.    Plaintiff was not retaliated against.

## SIXTH DEFENSE

29.    Defendant has a policy against discrimination and retaliation.

## SEVENTH DEFENSE

30.    To the extent that Plaintiff is claiming that she was harassed and subjected to a hostile work environment, and Defendant specifically denies that Plaintiff was, Defendant exercised all reasonable care to prevent and promptly correct any alleged harassing behavior, including but not limited to having a policy prohibiting such behavior and a complaint procedure which was effectively communicated to employees, and Plaintiff unreasonably failed to take advantage of the preventive and/or corrective opportunities provided or to otherwise avoid the harm she alleges to have occurred.

## EIGHTH DEFENSE

31.    Upon information and belief, Plaintiff has failed to mitigate her alleged damages, any entitlement to which is expressly denied.

## NINTH DEFENSE

32. The claims in the Complaint are barred, in whole or in part, as to any matters not contained in Plaintiff's administrative charge, for which no right to sue letter has been issued, or as to which Plaintiff failed to exhaust her administrative remedies.

## TENTH DEFENSE

33. To the extent that Plaintiff has requested punitive damages, those damages are barred because Plaintiff has not, and cannot, allege facts sufficient to meet the standard necessary to support such an award.

## ELEVENTH DEFENSE

34. This action, and any relief sought by Plaintiff, is barred, in whole or in part, by such additional defenses as Defendant may have that cannot now be articulated due to the generality of portions of Plaintiff's pleadings and the fact that discovery has not been completed. Accordingly, Defendant reserves the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

WHEREFORE, Defendant respectfully requests this Court to enter an Order: (a) dismissing the Complaint in its entirety with prejudice; (b) awarding Defendant its costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such other relief as to the Court seems just and proper.

Dated: New York, New York.
March 19, 2013

Respectfully submitted,

KAUFF MCGUIRE & MARGOLIS LLP

By: /s Harlan J. Silverstein
    Harlan J. Silverstein (HJS-4114)
    Cathleen Dawe (CD-0875)

950 Third Avenue
Fourteenth Floor
New York, NY 10022
(212) 644-1010

Attorneys for Defendant
60-86 Madison Avenue District
Management Association, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the Answer of Defendant 60-86 Madison Avenue District Management Association, Inc. and the Rule 7.1 Statement of Defendant 60-86 Madison Avenue District Management Association, Inc. to be served on March 19, 2013:

> by U.S. mail, postage pre-paid, upon
> Plaintiff *Pro Se* Carmen Fontanez
> 4006 Avenue J, Apt. 2F
> Brooklyn, New York 11210

Dated: March 19, 2013

_____
Cathleen Dawe